This is our first case, 414-0893, George Hamilton v. Robert Hill. For the appellant, Mr. Lawrence, and for the appellee, Mr. Cross, you may proceed. The issue in this case is that a motion to dismiss was granted by the circuit court stating that there was no material fact in which we could grant a judgment in favor of my client, Mr. Hamilton. While there is no dispute in regards to the motion dismissed, all allegations and reasonable inferences as true is that a dismissal is proper only when, under no circumstances, could the allegations support a cause of action. And I cited Winsor v. Lake Incorporated v. Walker, 94, Illinois Appellate 2nd, 913-93. The issue here is very simple, Your Honor. The issue is simply this. It's a matter of interpretation of the statutes. And Section 105, and this is the one that's dealing with, is dealing with when employees are required to take criminal background checks. And what happened in Mr. Hamilton, like all employees, took a criminal history background check. And it was discovered when he took the background check that he had, he was convicted for substance, for control of his, sorry. He was convicted for having a substance, an illegal substance. And that was the first part of it, and that's in Section A. And this is of 510-21-9A of the school code. Where the issue is, however, is that section just requires a criminal history check. It does not say that an employee who commits this act cannot work for the district, unlike what the school district has said. The controlling section, the operative section, is Section 510-21.9C. And that section says that anyone whose license may be suspended or revoked because of having that controlled substance cannot be employed by the district. The language is clear. There is no debate about this, but the school district insists that just because you go to a criminal history check, it must mean that you cannot be employed by the district. That is the dispute. We think that the language is clear, that it only applies to those people who may lose their certificate to teach or to supervise kids. Now, Section 21B-75 of the school code, that is 105-ICLS-521-B75, states that suspension or revocation applies to a teacher and administrators who teach or supervise in public schools. And what that relates to is teachers and administrators. And if you read further down in that statute, it also mentions certain independent contractors. Mr. Hamilton, however, is not a teacher. Mr. Hamilton simply is a janitor. And we are saying, and my argument here is that it is limited to teachers and administrators and certain contract employees. In Elmhurst Supreme Court in Batis v. Massalia, that's 2014 WL117050, it states that it is improper for a court to depart from the plain statutory language of a statute by reading into the statute with exceptions, limitations, or conditions that conflict with the clearly expressed legislative intent. Where the statute is clear and unambiguous, it will be given effect without resort to other aids of construction. Now, what the circuit court did, it stated that the school district should be granted the motion to dismiss because if you read the entirety of the school code, it will allow that. But how can that be in light of the fact that the statute is clear in this instance that in order for someone not to be employed by the school district, they must have a certificate and it must be subject to suspension or revocation. This case being, since Mr. Hamilton is a janitor with the school district, this simply should not apply. And for that reason, your honor, we ask that the decision of the circuit court be reversed. And whatever actions you think you're doing, just and proper. Any questions? Questions? No. Thank you. Good morning, justices. May it please the court. My name is Rob Cross and I represent Robert Hill and school district number 186. Mr. Hamilton has appealed the decision by the circuit court to dismiss his two count complaint for the district's decision to terminate Mr. Hamilton after it learned he had been convicted under the Controlled Substances Act. Under a specific section that precludes employment to anybody in a school district in Illinois. The distinction between the two count complaint is a little unclear, but the gist of the complaint was that the school district had no ability to terminate Mr. Hamilton's employment. The school district filed a motion to dismiss under 2-619-89 because of an affirmative matter. The affirmative matter was that the school district, after Mr. Hamilton was employed, learned of this prior conviction. Don't they run background checks before employment? They do, and I can presume your next question. What I think happened, and I don't know the answer to this, but I think the prior HR director may have misunderstood what section applied and where that would have fallen under 21A and C. Well, Mr. Hamilton's conviction is about 10 years old, a little over 10 years old, and I'm wondering what the social utility is if he's not currently using drugs. It's a great debate, and it's a great sociological discussion, but the legislator has carved out areas, prior convictions, of people who they do not want in school districts. And some of those convictions, some felony convictions, carry a 7-year cooling off period. So after the 7 years after a conviction of certain felonies, then you're eligible again if you're clean and haven't had any other problems. But then they have other convictions that they say, and these are all, almost all, sex-related crimes or drug-related crimes. So they say, that's it, you can't go into the school districts. You cannot go into schools and be around children. And Mr. Hamilton's conviction in 1994, and then subsequent violation of parole, falls firmly into that category. They've never even disputed that his conviction in 1994 is one of the crimes that precludes any employment. If that's right or wrong, I think we go across the street. But it is one of the laws that the legislature has said, you're out. You're out for employment of school districts. Well, you're saying that the statute clearly prohibits the continued employment of a plaintiff here. But I had trouble interpreting or understanding the statute and how it applies to a janitor in this situation. 21.9C prohibits the employment of a person who has been convicted of any offense that would subject him or her to license suspension or revocation. So how does that apply to a janitor? I believe, certainly in front of Judge Kelly, that was, I believe, the gist of Mr. Lawrence's argument. So if you step back and you read, and I didn't write the section, and I know it could be written probably better. But if you read 21.9 in its entirety, 21.9A starts out by saying, Non-certified applicants for employment for the school district, except school bus driver applicants, are required as a condition of employment to authorize a fingerprint-based criminal history records check to determine if such applicants have been convicted of any of the enumerated criminal or drug offenses in subsection C of this section. Then you go down to C and it says, and I think this is the important language in C, No school board shall knowingly employ a person who has been convicted of any offense that would subject him or her license suspension or revocation pursuant to 21B80. Then when we get to 21B80, there's never been a debate that Mr. Hamilton's conviction in 94 was one of those convictions that precluded employment. So if you just read section C, I think it's sort of unclear. It does sound like we're talking about certified applicants. But what would be the purpose of having even non-certified employees have to go through the background check? And why does 21.9A say we're doing this background check to make sure these applicants haven't been convicted of any of the enumerated offenses in section C? Well, why doesn't it give the school board or the unit discretion as to whether to hire those people? Well, I think it does give them discretion on other offenses. On misoffense. Well, you could say I don't want someone with this conviction in the classroom as a teacher, but I don't mind if they're a maintenance worker. Right or wrong? In our claim. Pardon? In our now claim. Right or wrong? Right or wrong? The legislature has said there are certain crimes in our society. I understand that part. I'm talking about the first section, which says you've got to undergo the background check. That's a good idea for all employees. If you're a certified or licensed employee, we can't hire you if you'd be subject to have your license or certification invoked. But if you are a non-certified employee, we want to know about your background. We might decide, as a school district, that because you're not a licensed or certified employee, we would like to hire you. It could be, theoretically, in an outdoor groundskeeper job, where there could be very limited contact with either teachers or students. Why isn't that just as reasonable a reading? And it gives the school board the authority to say, yeah, we're going to do this. We're going to give this guy a second chance. Because there's nothing in the statute that says school board use discretion if they're non-certified employees, and they've been convicted of these atomic bomb crimes, whether they're sex crimes or drug crimes. The legislature has been very clear that there are certain Controlled Substance Act violations, certain sex crime violations. If you are convicted of these, you are out. You don't get a second chance. You don't get a review. These people are not going to be employed by school districts. There's nothing in the Act that says specifically they can't be employed if they're non-certified or non-licensed. Respectfully, I disagree. I think when you read 21.9A in coordination with C, they're saying, look, even non-certified applicants, you're going to be held by the same standards as in C. You should have been in the legislature, shouldn't you? Pardon? You should have been in the legislature so you could have drafted it. Well, I'm just saying that there's nothing to suggest that there are certain employees, and we can say whether they're in the lunchroom or whether they're on the grounds like you said. There's nothing to say that, hey, once you get a certain further proximity, school districts, you can use your discretion. There's nothing that says that. And when you couple A and Section A and C together, there would be no purpose for the background check under the statute as it's written other than to make sure everybody's covered by the same criminal conviction preclusions as the certified employees. Why would you? There'd still be a purpose because then you'd know. The purpose of the background check is to know. And then the legislature said, if you're convicted of this, you're out. If you're convicted of this, you've got a period where it can be extinguished or overlooked. Well, there are those, there are some. I know.  Well, I'm saying that if the legislature said that certain employees, again, if somebody on the grounds was convicted of one of these more serious offenses, you can then use your discretion, whether it's seven years, ten years, whatever it is. There's a period where if somebody's shown that they've gotten their act together, you can use some discretion. They absolutely could have said that.  You don't want anybody. I mean, the whole, it would seem the purpose of the statute is there are certain categories of crimes that we don't want those people working for the school district. I think that's right. Whether they're in contact with children or not. I think that's right. Instead, they inserted these two very, I don't want to say, very specific words of art. We know what licensure and certification means in regard to school employees. Why were those words used? Why not just say, no employee of the school district who's been convicted, I mean, you can't be employed by the school district, period. Why these stats? I can't tell you why they do that. What about legislative history? Have you looked at it? No, but I have looked at it. There's not much there. But if you look at 21.9 in its entirety, the legislature is clearly drawing out groups of people that can and can't be employed by school districts. And under what circumstances? There are the atomic bomb crimes, then there are the crimes, the felonies for which you get seven years. What you're saying is in 21.9A, it's the exact same, they're looking for the exact same crimes that are referenced in C when they're doing the background check. And so you're saying that A and C have to go together, and the background check in A, which is for everybody, means that the employment prohibition in C applies to everybody, whether it's licensed or not. I do, and again, I think that's why in A they refer to C. Could you and I have written this better or differently? I hope so. Wouldn't it be true that any other crime that shows up in the background check, that a school district would be authorized to consider that in terms of employment? Not one of the atomic bomb offenses. Any offense. So a school district, say, using its discretion, we don't want to hire them. Well, for instance, there can be situations where somebody is being hired for a specific position and maybe they have prior convictions ten years ago. They're misdemeanors, but they're for, I don't know, retail theft or writing a bad check or something like that. Can they consider that if this is somebody who's going to handle money? They could consider that. What about aggravated battery? Is it okay to hire an assistant football coach who's non-certified, non-licensed, is only going to coach, isn't going to teach in the classroom? And again, are we talking about a misdemeanor? No. I suppose it's a misdemeanor. It might have been a felon. You go to the statute, and I don't have exact recall of what are the seven year convictions. So some of the ones might be ones other than sex crimes or drug crimes. Absolutely. You could do that. What about the, you talk about the two counts of the complaint, and one of them is denoted laches, but laches is a defense. Maybe it should be interpreted as an equitable estoppel argument that this fellow was hired and continued working even though, according to your interpretation of the statute, he was prohibited from being employed. But he was maintained on the roles there and did a good job apparently, and the school should be equitably stopped from taking action at this point based on its failure to abide by the statutory prohibition against hiring him in the first place. Right. Well, the laches argument wasn't raised on appeal, but to answer your question, it's rare that laches is applied to. Well, I don't think we should call it laches because laches is a defense. This is a claim being made by the plaintiff, so I think we need to call it something else. You waited too long, so you're stopped. Right. You know, I think that the Van Madigan case from the First District where the, I think he was a police officer who was, they waited for, I think, five years to terminate him for use of excessive force is the case on point here. I mean, Mr. Hamilton worked at the district. He didn't rely on anything. He was paid for his work. I don't think the laches or the equitable estoppel argument would work here. Also, again, based on the interpretation of the statute, you would be requiring the school district to continue to act in a way that is a violation of the law. And, you know, you can take a completely different circumstance. So if they accidentally hired, you know, a sex offender, and then you said, well, hey, that person's in. That person stays there unless they, you know, get fired for cause. That could open them up to liability if anything were to happen in the future. Exactly. And more importantly, what about that student who got hurt? You know, I know it's liability, but also just that, you know, it's not safe. And I think that's why if you look at the crimes that the legislator used for the atomic bomb, these are serious crimes. These are serious crimes. So as we've said, the statute 21.9 A and C must be read as a whole. There has never been an argument that the crime for which Mr. Hamilton was convicted is included in the crimes listed in Section 21B80. And those crimes, those convictions preclude employment. At one point, Mr. Hamilton, in his brief, focuses on the difference between the terms employ and hire. I don't disagree that they can be used synonymously, but hire means initiate employment, to initiate your employment. Employ, which is what the statute says. It doesn't say hire. It says employ. It's continued employment. And when you find out someone has violated one of the statutes or violated one of the criminal sections that preclude employment, they can no longer be employed in the future. I do want to point out one error in my brief. I did say that Mr. Hamilton never raised the issue of Public Act 94-219 or Public Act 96-0431 in his briefs or arguments. I meant to say he never argued it, and I apologize. I misstated that. He did raise those public acts in a footnote, but has never argued them. Public Act 94-219 has no application here. It didn't change that section of the statute at all. 96-0431 did change the statute, but it essentially just consolidated the statutes so that the school code didn't repeat these sections throughout the code. So it didn't substantively change anything that had to do with the prior convictions. Also, the appellant has never explained how any of the changes, even from their point of view, with Public Act 94-219 or 96-0431, changes the outcome of the case. They just say that these were changes. I think the intent of the legislature is to prevent employment at schools of people convicted of certain crimes. There's no dispute Mr. Hamilton was convicted of one of these crimes. We respectfully request that you affirm the decision of the circuit court. Thank you. Mr. Lawrence, rebuttal. Yes. My rebuttal is a very simple one. When we mentioned the acts that Mr. Cross spoke about, the reason that I put them in there and the reason why I footnoted it was the fact that the statute prior to the time that Mr. Hamilton was hired, right at the time he was hired, in March of 2009, said all employees. But Mr. Cross tended to miss the point that 96-431, that's the public act that was in effect on July 1st, 2009, that is the one that limited or prohibited the employees from being hired. And that refers to specifically those that have a certificate that may be suspended or revoked. So public act, and this is what I was able to find, and I put it in my rebuttal brief here. And it simply says what I was able to come up with. This was a 2009 public act chart. That's what it states. And in it, it states here that public act 960431, the operable language says, in the criminal history record check provisions of the school code, the bill makes changes concerning the offenses for which the school board may not normally employ a person and provides that no one may be certified to teach or supervise in the public schools if they've been convicted of certain offenses. So it specifically says, and the legislature knew what they were doing. They intended to limit it to those who have a certificate that may be revoked or suspended. Who prepares this chart? Normally those things are prepared either probably, and I wasn't able to come up specifically with who prepares it, but normally the legislative reference bureau may prepare it, or the House or Senate staff, when they do their bills, may prepare this. And they tell you precisely what they were intending to do. Now, Mr. Cross is right. I searched up and down to try to find the history. Because I started out with the assumption that the current statute did not say what he said. And when I looked, this is the only thing I could come up with. But these are the things that the legislators rely on and make a determination when the public act is passed. Generally, this is what it means. Thank you, Your Honor. Thank you. We'll take this matter under advisement and await the readiness of the next case.